IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JERMAIN HILL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.                 ) | Civil Action No. 5:18-01535 |
| ) | |
| **OFFICER ROSE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 4), filed on January 2, 2019. Having examined Plaintiff's letter-form Complaint and form Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On December 21, 2018, the Court filed what it construed as a letter-form Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) Plaintiff alleges on December 18, 2018, he "was singled out and harassed by medical staff member Mr. Rose." (Id.) Plaintiff states that "Mr. Rose called me to the back office, slammed the

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

door, and became very aggressive shouting and yelling at me saying and asking me if I had a problem with something he'd said." (Id.) Plaintiff acknowledges that he responded "no" and then he questioned Mr. Rose "What was the purpose of him calling me back there?" (Id.) Plaintiff claims that Mr. Rose then placed Plaintiff against the wall, searched him, and directed him to go back outside. (Id.) Plaintiff alleges Mr. Rose "appeared to be upset by not being able to provoke me into a confrontation or reaction." (Id.) Plaintiff explains that about ten minutes later "an institutional recall was issued ordering all inmates to return back to their housing unit." (Id.) Plaintiff claims that as he was returning to his unit, he was called back to medical by Mr. Rose and several other officers. (Id.) Plaintiff states that he was questioned by Lieutenant Metsker as to whether Plaintiff had a problem. (Id.) Plaintiff acknowledges that he responded as follows: "No, he said take your hat off, and I took my hat off. So what is the problem?" (Id.) Plaintiff alleges that a correctional officer known as "House" or "Officer Act Right," accused Plaintiff of "talking shit around all [his] boys." (Id.) Plaintiff complains that "Officer Act Right," Lt. Metsker, and Mr. Rose continued to "grill" him for about ten minutes. (Id.) Plaintiff claims he was then taken to the Lieutenant's Office where a strip search was ordered. (Id.) Plaintiff explains that after he got undressed, he was given the order to bend over and Plaintiff "attempted to squat and cough as protocol or procedural calls for." (Id.) In response, Plaintiff complains that "Officer Act Right" stated as follows: "Now not like that. You've been to jail before. You know how to do that shit. Now bend over from the waist and spread that shit with both hands." (Id.) Plaintiff contends that "Officer Act Right" was insinuating that Plaintiff was "familiar with performing homosexual actions and ordered [him] to get in a comprising position while he and other officers shared a laugh about it." (Id.) Plaintiff states that he is now "mentally and emotionally traumatized by this

2

occurrence and suffers from mental anguish." (Id.)

On January 2, 2019, Plaintiff filed his Application to Proceed Without Prepayment of Fess or Costs and a form Complaint. (Document Nos. 4 and 7.) Plaintiff names the following as Defendants: (1) Officer K. Crawford, FCI Beckley; (2) Officer Williams, aka "House", FCI Beckley; (3) Officer Lieutenant Metsker, FCI Beckley; and (4) "Other Individual Officers Unknown." (Document No. 7.) Plaintiff again asserts the same allegations as set forth in his letter-form Complaint. (Id., p. 4.) As relief, Plaintiff requests monetary damages.[2] (Id., p. 5.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a person seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in

---

[2] In his Complaints, Plaintiff indicates that he may be attempting to assert a retaliation claim. Specifically, Plaintiff complains that Defendants stated they "knew" Plaintiff. Plaintiff speculates that Defendants were referring to the fact that they were aware of Plaintiff had another *Bivens* action pending with the Court. To the extent Plaintiff may be attempting to assert a retaliation claim, the undersigned finds that such is without merit. This Court as determined that based upon *Ziglar v. Abbasi*, __ U.S. __, 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017), *Bivens* may not be extended to a First Amendment retaliation claims. *See Johnson v. Johnson*, 2018 WL 4374231, * 7 (S.D.W.Va. June 5, 2018); *Lineberry v. Johnson*, 2018 WL 4232907, * 8 (S.D.W.Va. Aug. 10, 2018); *Pumphrey v. Coakley*, 2018 WL 1359047 (S.D.W.Va. March 16, 2018)(J. Berger).

fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**DISCUSSION**

1.      **Exhaustion:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[s] judicial discretion." Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). But the plain language of the statute requires that only

---

[3] 42 U.S.C. § 1997e(a) provides as follows:
>    No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

"available" administrative remedies be exhausted. Id. at 1855("A prisoner need not exhaust remedies if they are not 'available.'"); also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources

adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by* Custis v. Davis, 851 F.3d 358 (4th Cir. 2017). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921(Failure to exhaust is an affirmative defense that a defendant must generally plead and prove); also see Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d. 358, 361 (4th Cir. 2017); also see Banks v. Marquez, 694 Fed. Appx. 159 (4th Cir. 2017)(finding no error in the district court's decision to sua sponte dismiss petitioner's petition where petitioner explicitly

7

admitted in his petition that he failed to exhaust his administrative remedies).

For <u>Bivens</u> purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." <u>Dale v. Lappin</u>, 376 F.3d at 655 (internal citations omitted); <u>also see</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve her complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. <u>Id.</u> Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. <u>Id.</u>, § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. <u>Id.</u>, § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal

within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In his form Complaint, Plaintiff acknowledges that he did not fully exhaust his available administrative remedies. (Document No. 7, p. 3.) Plaintiff states that "due to nature of complaint involving sexual harassment, [he] had to file a 'sensitive complaint' externally." (Id.) Thus, Plaintiff acknowledges that he initiated the first step of the administrative remedy process by submitting his request directly to the Regional Director pursuant to 28 C.F.R. § 542.14(d). A review of Plaintiff's Complaints further reveals that the alleged incident occurred on December 18, 2018, and Plaintiff filed his Complaint initiating the above action three days later on December 21, 2018. (Document Nos. 1 and 7.) Thus, it is apparent from the face of the Complaints that Plaintiff failed to fully exhaust his administrative remedies prior to filing his Complaints. See Custis, 851 F.3d. at 361; Banks, 694 Fed. Appx. at 160. To the extent Plaintiff requests that this action be stayed pending exhaustion, Plaintiff's request should be denied. As

stated above, PLRA requires that inmates exhaust available administrative remedies ***prior*** to filing civil actions. Accordingly, the Court may not stay the above action pending exhaustion. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)("a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending."); Freeman, 196 F.3d at 645("The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Brown v. Zeigler, 2013 WL 4500473, * 10 (S.D.W.Va. Aug. 20, 2013)(J. Berger)("Because exhaustion is a prerequisite of filing suit, administrative remedies must be exhausted *before* filing a complaint in federal court, not after or contemporaneous therewith.")(emphasis in original). Finally, there is no indication or allegation by Plaintiff that the administrative remedy process was unavailable. The undersigned, therefore, respectfully recommends that Plaintiff's Complaints be dismissed in view of his failure to exhaust his administrative remedies pursuant to the PLRA. Notwithstanding the foregoing, the undersigned will briefly consider Plaintiff's claim.

**2.  Eighth Amendment:**

The undersigned views Plaintiff's Complaints as setting forth a claim under the Eighth Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners

are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently

serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.")

Plaintiff contends that Defendants violated his constitutional rights by subjecting him to verbal abuse and sexual harassment. (Document Nos. 1 and 7.) Specifically, Plaintiff complains that Defendants aggressively yelled at him, subjected him to continuous questioning, and directed him to "bend over from the waist and spread that shit with both hands" during a strip search. (Id.) There is no factual allegation that Defendants made any type of physical contact with Plaintiff.[4] At most, Plaintiff is alleging verbal harassment or sexual harassment. The verbal harassment or verbal abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987); also see Lindsey v. O'Connor, 2009 WL 1316087, at * 1 (3rd Cir. (Pa.))(holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"); Purcell v. Coughlin, 790 F.2d 263, 265 (2nd Cir. 1986)(stating that name-calling does not rise to the level of a constitutional violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(finding that a sheriff's threats to

---

[4] W.Va. Code § 61-8B-3 provides that a "person is guilty of sexual assault in the first degree when: (1) The person engages in sexual intercourse or sexual intrusion with another person and, in so doing: (i) Inflicts serious bodily injury upon anyone; or (ii) Employs a deadly weapon in the commission of the act; or (2) The person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is younger than twelve years old and is not married to that person." W.Va. Code § 61-8B-4 provides that a "person is guilty of sexual assault in the second degree when: (1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsions; or (2) Such person engages in sexual intercourse or

hang a prisoner were insufficient to state a constitutional deprivation). Additionally, sexually harassment, absent contact or touching, is insufficient to state a constitutional claim. See Jackson v. Holley, 666 Fed.Appx. 242, 244 (4th Cir. 2016)(quoting Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)("[A]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessary extend to mere verbal sexual harassment"); Morales v. Mackalm, 278 F.2d 126, 132 (2nd Cir. 2002)(abrogated on other grounds)(allegations that a prison guard asked an inmate to have sex with her and to masturbate in front of her did not rise to the level of an Eighth Amendment violation); Barney v. Pulsipher, 143 F.3d 1299, 1311, n. 11 (10th Cir. 1986)(allegations that a jailer subjected females prisoners to severe verbal sexual harassment was not sufficient to state a claim under the Eighth Amendment); Howard v. Everett, 2000 WL 268493, * 1 (8th Cir. March 10, 2000)(sexual comments and gestures by prison guards did not constitute an Eighth Amendment violation); Murray v. United States Bureau of Prisons, 1997 WL 34677, * 3 (6th Cir. Jan. 28, 1997)(offensive remarks regarding a transsexual prisoner's body appearance and presumed sexual preference failed to state an Eighth Amendment claim); Wilder v. Payne, 2014 WL 6772265, *7-8(N.D.W.Va. Dec. 1, 2014)(finding that a prison guard's offensive and unprofessional sexual comments failed to state an Eighth Amendment claim). Based on the foregoing, the undersigned finds that Plaintiff has failed to state a cognizable claim under the Eighth Amendment for which relief can be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

---

sexual intrusion with another person who is physically helpless."

Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS** Plaintiff's Complaints (Document Nos. 1 and 7), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 10, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge